UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRACLE SULLIVAN,<br><br>                              Plaintiff,<br><br>                -against-<br><br>DUTCHESS COUNTY DEPARTMENT OF<br>COMMUNITY AND FAMILY SERVICES,<br><br>                              Defendant. | 25-CV-6099 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, United States District Judge:

    Plaintiff is appearing *pro se*. She brings claims for violations of her constitutional rights under the First and Fourteenth Amendments, and the Court therefore construes Plaintiff's claims as arising under 42 U.S.C. § 1983. By order dated July 28, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

    Plaintiff seeks a temporary restraining order (TRO) and preliminary injunction to enjoin the Family Court's removal of her children and grant her immediate custody. (ECF 4). For the reasons set forth below, the Court dismisses this action, with 30 days' leave to replead. Plaintiff's request for a TRO and preliminary injunction are denied.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] On January 2, 2025, Child Protective Services ("CPS") filed a petition in the Dutchess County Family Court, allegedly without prior notification to Plaintiff. (ECF 1 at 11.) A hearing was held on January 3, 2025, without Plaintiff's presence, resulting in an order of removal of Plaintiff's children.

On January 6, 2025, CPS applied for an order to show cause, and the court issued an arrest warrant for Plaintiff and temporary order of protection against her. (*Id.*) Plaintiff was arrested on January 10, 2025, and the children were removed. On January 13, 2025, Plaintiff attended her first court appearance.

Plaintiff claims that the Dutchess County Family Court Judge and Dutchess County Department of Community and Family Services ("DCFS") employees have engaged in harassment, manipulation, and retaliation. She alleges that the Dutchess County Family Court Judge Tracy McKenzie "is the ring leader" and that Judge McKenzie and "all lawyers and

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

several Dutchess county Community and family service employees have proceeded in the verbal emotional psychological abuse" of Plaintiff. (*Id.*) Plaintiff has not had custody of her four children for seven months, allegedly as a result of the "false narrative and fabricated stories" in the petition filed by CPS. Plaintiff has filed "three 1028 applications requesting [the] return of [her] children . . . with no appropriate response." (*Id.* at 8.)

Plaintiff contends that Defendant has violated her First Amendment rights, as follows:

> They filed a petition based on false allegations and then was granted an order forcing a mother and family into fight or flight for the lack of due process, and then proceeded to use moms response in there defense against the mother. This is the definition of entrapment. These people are involved in behavior that is unethical and contraventive to the law that I am in total fear to even make them aware that I am speaking out. They have violated my first amendment rights, to speak, to petition governemment, and to proper counsil, and my whole families human rights.

(*Id.* at 11.)

Plaintiff further contends that Defendant has violated the Health Insurance Portability and Accountability Act ("HIPAA") by "having CASA reaching out to [Plaintiff's healthcare] providers with misinformation about court mandated therapy" and disclosing her "protected health information in a courtroom full of people." (*Id.*)

Plaintiff alleges that the attorney appointed to represent the children, Thomas Gambino, "met with the children and examined the 3 year old and the next day 3 year old was crying all day with vomiting and diarrhea." (*Id.* at 33.) Gambino "has shown extremely suspicious and deceptive behavior from the start," and Plaintiff has made a "report on him to the county executive regarding suspected abuse." (*Id.*)

Plaintiff asserts that the removal of her children violated the Child Kidnapping Protection Act ("CKPA"), which she states ensures parental rights and protects against the unlawful

3

removal of children. She also brings claims for alleged violations of her rights to due process of law and an unbiased tribunal.

Plaintiff seeks only declaratory and injunctive relief, including the immediate return of her children and protection from Dutchess County employees. She requests that the Court hold an emergency hearing.

## DISCUSSION

The Court construes Plaintiff's complaint, in which she alleges that she was denied due process, as bringing claims under 42 U.S.C. § 1983 for violations of her rights under the Fourteenth Amendment's Due Process Clause. Plaintiff contends that (1) she was not notified of the January 3, 2025 hearing at which a preliminary order of removal of her children issued; (2) false information was presented at the January 3, 2025 hearing; (3) the presiding judge is biased against her; and (4) she has not received an "appropriate response" from the presiding judge to any of her motions seeking the return of her children. In addition to these claims about whether Plaintiff received due process in child removal proceedings, Plaintiff also alleges that she has been denied her substantive due process right to be included in healthcare decisions for her children while they are in foster care.

**A.     Claims about removal and custody of children**

**1.     Abstention due to pending state court proceedings**

The abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), "generally prohibits [federal] courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction." *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003); *see also Lowell v. Vermont Dep't of Child. & Fams.,* 835 F. App'x 637, 640 (2d Cir. 2020) (holding that generally the

"ability to raise constitutional claims in subsequent state-court judicial review . . . is sufficient . . . and bar[s] federal courts from taking jurisdiction over the same claims while the state proceeding is pending."). A civil proceeding is pending for purposes of *Younger* abstention if further state appellate remedies are available at the time of filing of the federal complaint. *Gristina v. Merchan*, 131 F.4th 82, 87 (2d Cir. 2025).

*Younger* abstention is limited to three types of cases: (1) "ongoing state criminal prosecutions"; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) civil proceedings involving "certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). The second category, state civil proceedings "akin to criminal prosecutions," includes state-initiated proceedings to gain custody of children allegedly abused by their parents. *Id.* at 79 (citing *Moore v. Sims*, 442 U.S. 415, 419–420 (1979)).[2] *Younger* abstention is not required, however, where there are "special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate." *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37). To show bad faith, a plaintiff must show that "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive" and that she "ha[s] no reasonable expectation of obtaining a favorable outcome." *Lowell,* 835 F. App'x at 640 (citing *Diamond "D,"* 282 F.3d at 199).

The allegations in Plaintiff's complaint suggest that Family Court proceedings are ongoing. Moreover, the state-initiated child removal proceeding that Plaintiff challenges is "akin

---

[2] By contrast, custody proceedings that are not state-initiated and arise in the context of divorce have not been treated as akin to criminal proceedings. *See*, *e.g.*, *Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cnty.*, 805 F.3d 425 (2d Cir. 2015).

5

to a criminal proceeding" and thus is a category to which *Younger* abstention applies. *Sprint*, 571 U.S. at 72.

Plaintiff's allegations are insufficient to show that abstention is unwarranted on the grounds that the circumstances of the state prosecution demonstrate bad faith, harassment, or irreparable injury. Plaintiff contends that the presiding judge, "all lawyers," and DCFS employees have subjected her to "verbal emotional psychological abuse" (ECF 1 at 8), but she does not plead any specific facts about what was said or done. Plaintiff further alleges that the children were removed as a result of the "false narrative and fabricated stories" in the state-initiated petition (*id.* at 11), but these conclusory allegations are too vague to enable the Court to find that "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," or that the Plaintiff has "no reasonable expectation of obtaining a favorable outcome." *Lowell*, 835 F. App'x at 640 (2d Cir. 2020).

The Court therefore abstains under *Younger* from adjudicating Plaintiff's claims that involve or call into question her ongoing child removal and custody proceedings, including her claims alleging denial of due process as a result of alleged lack of notice of the hearing, judicial bias, and lack of "appropriate" responses to Plaintiff's applications for the return of her children.

2.  **Domestic relations abstention**

Plaintiff's claims also implicate a narrower abstention doctrine for domestic matters. A federal district court generally must abstain from exercising federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child" so long as those claims may be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990);[3] *Mochary v. Bergstein*,

---

[3] The domestic relations *exception* to diversity jurisdiction, recognized by the Supreme Court in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), does not apply where a case is "before

42 F.4th 80, 89 (2d Cir. 2022) ("[E]ven if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field."); *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (affirming district court's dismissal of child custody claims on abstention grounds where the district court had federal question jurisdiction).

Plaintiff seeks the immediate return of her children and protection from further removal of her children. Claims asking the federal court to award custody of a child are subject to the domestic relations abstention doctrine. *See, e.g., Deem*, 941 F.3d at 624. Plaintiff has not alleged facts sufficient to show that she cannot fully and fairly litigate the issue of the custody of her children in the state courts. Plaintiff has failed to plead facts to support her allegations that the presiding judge is biased and that "false narratives" about her were presented. Moreover, there is no reason to doubt that the state courts are capable of curing any inadequacies on direct appeal within the state court system. The Court therefore abstains, pursuant to the domestic relations abstention doctrine, from adjudicating Plaintiff's claims regarding the custody of her children and dismisses such claims without prejudice.[4]

---

this Court on federal question jurisdiction, not diversity," *Williams v. Lambert*, 46 F.3d 1275, 1284 (2d Cir. 1995).

[4] Although it is unclear if Plaintiff has a final state court order or judgment, the Court notes that federal district courts lack authority to review, reject, or overturn final state court orders or judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine . . . recognizes that 28 U.S.C. § 1331[,] [the statute granting federal district courts' federal question jurisdiction,] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)).

### 3. Parental Kidnapping Prevention Act

Even if the Court did not abstain from addressing Plaintiff's claim under the Parental Kidnapping Prevention Act ("PKPA"), Plaintiff cannot state a claim under this federal act. The PKPA was adopted to "avoid jurisdictional competition and conflict between State courts." *Thompson v. Thompson*, 484 U.S. 174, 177 (1988). Under the PKPA, "[o]nce a State exercises jurisdiction consistently with the provisions of the Act, no other State may exercise concurrent jurisdiction over the custody dispute, [28 U.S.C.] § 1738A(g), even if it would have been empowered to take jurisdiction in the first instance, and all States must accord full faith and credit to the first State's ensuing custody decree." *Id.* at 177. As the United States Supreme Court has explained, "the PKPA is a mandate directed to state courts to respect the custody decrees of sister States." *Id.* at 183.

The facts alleged in the complaint do not implicate the PKPA. Plaintiff does not allege that there are conflicting custody decisions from different states as can arise, for example, when a parent who does not have custody takes a child from the parent who does and moves the child to another State to relitigate the custody issue in a new forum. Instead, at issue here is a custody determination by the Dutchess County Family Court, which is not alleged to conflict with a determination by a court of another state.

Moreover, even when there are conflicting custody determinations, the Supreme Court has held that the PKPA "does not create a private right of action in federal court to determine the validity of two conflicting custody decrees." *Id.* at 178-79. If Plaintiff chooses to file an amended complaint, she therefore should not include a claim under the PKPA.

**B.    Claims separate from custody decision**

    **1.    Medical decisions in foster care**

"Parents . . . have a constitutionally protected liberty interest in the care, custody and management of their children." *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). A parent's liberty interest "does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). The constitutional liberty interest of parents in the care of their child includes "a significant decision-making role concerning medical procedures sought to be undertaken by state authority upon their children." *van Emrik v. Chemung Cnty. Dep't of Soc. Servs.,* 911 F.2d 863, 867 (2d Cir. 1990) (concluding that parental notice and consent were required before x-rays of a child were undertaken for investigative purposes at the behest of state officials, unless a judicial officer had determined that grounds for such an examination existed).[5]

Here, Plaintiff alleges that "[t]hey have violated court order giving children medication Bringing them to doctors without Mother's permission or Knowledge." (ECF 1 at 14.) It appears from this allegation that Plaintiff has a state court decision protecting her ability to participate in medical decisions. It is unclear from the allegations of the complaint who offered medical treatment, whether this was an emergency situation, and whether medical evaluations were for

---

[5] The constitutional rights of parents in making medical decisions for children in foster care can be litigated in state Family Court. *See*, *e.g.*, *Admin. For Children's Servs. v. Erica A.*, 37 Misc. 3d 639, 664 (2012) ("[w]hen the rights and wishes of parent, child and government are at odds regarding a matter of significant import, such as forced medication . . . the interested parties are entitled to a full evidentiary hearing."); *In re Martin F*., 13 Misc. 3d 659, 820 N.Y.S.2d 759 (Fam. Ct. 2006) (holding that procedure for authorizing psychotropic drugs for child in foster care, over parent's objection, violated parent's due process rights); *In re Lyle A.,* 14 Misc. 3d 842, 850, 830 N.Y.S.2d 486, 492 (Fam. Ct. 2006) ("A parent whose child is in foster care has the right to make the decision regarding whether or not his or her child will be given psychotropic drugs.").

investigative or treatment purposes. Plaintiff's allegations are insufficient to comply with Rule 8 of the Federal Rules of Civil Procedure because they do not put Defendant on notice of the claims against it.

Moreover, the sole Defendant in this action is the Dutchess County Department of Community and Family Services, an agency of Dutchess County. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff's allegations that she was not notified of unspecified medical care provided to one or more of her children in foster care do not include facts showing that such actions were taken in accordance with a municipal policy, custom, or practice. Plaintiff's allegations regarding medical care thus fail to state a claim against Dutchess County, the only Defendant named in this action.

2.   **Claims against children's attorney**

Plaintiff alleges that she suspects abuse of the children by the attorney appointed to represent them in the Family Court proceedings. Insofar as Plaintiff intends to bring a claim arising under federal law, the Court construes these allegations as bringing a claim under Section

10

1983 for alleged violations of Plaintiff's own constitutional rights.[6] Such a claim, however, suffers from numerous irremediable defects.

First, Plaintiff has not named as a defendant the individual whom she alleges was personally involved. Even if she had, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). An attorney appointed to represent a child in Family Court proceedings, also known as a "law guardian," N.Y. Ct. R. 7.2(a) ("'attorney for the child' means a law guardian"), is not a state actor, and therefore is not subject to suit under Section 1983. *See Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (holding, as a matter of first impression, that "the analogy of a law guardian to a public defender is apt. Although both are supplied and funded by the state, each acts according to the best interests of the client with "no 'obligation to the mission of the state.'"). Moreover, as set forth previously, to state a claim against the named Defendant, Dutchess County, Plaintiff must allegation that a policy, custom, or practice of Dutchess County caused the alleged violation of her constitutional rights. Finally, Plaintiff's allegations of abuse are conclusory and lacking in factual details. Plaintiff's allegations against the law guardian thus fail to state a claim under Section 1983 on which relief can be granted.

---

[6] Non-attorney parents cannot bring claims on behalf of their children without counsel. See *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child").

### 3. Health Insurance Portability and Accountability Act

Plaintiff invokes the Health Insurance Portability and Accountability Act ("HIPAA"), alleging that her private medical information was publicly disclosed. HIPAA prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. The Court of Appeals for the Second Circuit has explained, however, that "the statute does not expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (citing § 1320d-5(a)(1). Because "HIPAA confers no private cause of action, express or implied," *id.*, this federal statute does not provide a viable basis for Plaintiff's claims for relief based on her allegations that Defendant violated the confidentiality of her medical information. The Court therefore dismisses Plaintiff's HIPAA claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Emergency TRO and Preliminary Injunction

Plaintiff seeks a temporary restraining order (TRO) and preliminary injunction to enjoin the Family Court's removal of her children and grant her immediate custody. (ECF 4). To obtain preliminary injunctive relief, a plaintiff must show: (1) that she is likely to suffer irreparable harm, and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and (3) a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v.*

*Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, the Court abstains, under *Younger v. Harris*, 401 U.S. 37 (1971), from adjudicating Plaintiff's claims that call into question the ongoing Family Court proceedings, and abstains, under *Am. Airlines, Inc.*, 905 F.2d at 14, from adjudicating claims asking the Court to award custody. Because the Court dismisses these claims without prejudice to Plaintiff's pursuing them in the Family Court, Plaintiff's submissions do not demonstrate a likelihood of success on the merits in this Court.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Many of Plaintiff's claims cannot be reasserted, such as Plaintiff's claims seeking custody of her children, which are pending in Family Court, or claims seeking review of Family Court decisions. Because claims might be available in federal court regarding Plaintiff's ability to participate in medical decisions for her children in foster care, the Court grants Plaintiff 30

days' leave to amend her complaint to detail only such claims.[7] Plaintiff is not, however, required to file an amended complaint if she does not wish to continue this federal court case.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court abstains from adjudicating Plaintiff's claims seeking custody of her children and dismisses these claims without prejudice to her litigation of these claims in state court. Plaintiff's request for an emergency TRO or preliminary injunction regarding the removal of her children and their custody is denied because the Court has dismissed these claims.

Plaintiff's remaining federal claims are dismissed for failure to state a claim on which relief can be granted. The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims. The Court grants Plaintiff 30 days' leave to replead her claims regarding her participation in medical decisions for her children.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

Dated:   August 4, 2025
           New York, New York

                                                  /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

[7] Insofar as the Family Court has issued orders regarding the medical care of Plaintiff's children, depending on the nature of the claims, it may be necessary for Plaintiff to raise such claims in the Family Court.