UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRACLE SULLIVAN,

                          Plaintiff,

            -against-                                          25-CV-6099 (LTS)

DUTCHESS COUNTY COMMUNITY                          ORDER OF DISMISSAL
FAMILY SERVICES, et al.,

                          Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint together with a motion requesting that the Court enjoin the Family Court's removal of her children and grant her immediate custody. (ECF 1, 4.) By order dated August 4, 2025, the Court dismissed Plaintiff's complaint and denied preliminary injunctive relief but granted Plaintiff leave to replead her claims regarding her children's medical care in foster care.

Plaintiff filed an amended complaint in which she indicates that "children are safe in home with mother" and she is "actively involved in the medical directives for [her] children." (ECF 8 at 5.) The action is dismissed without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the amended complaint, which names, among others, Dutchess County Community Family Services ("DCCFS") as a defendant.[1] Plaintiff Miracle Sullivan's statement of facts is as follows:

> I am asking that Dutchess County CFS be ordered to act in accordance with the law. I am asking that DCCFS be ordered to be honest, also present all facts, documentation, information that they have had from the beginning showing that

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

my children . . . are thankfully well and thankfully safe with mother Miracle Sullivan in the home.

(ECF 8 at 5.)

Plaintiff asks the Court to order that DCCFS (1) comply with the law; (2) be honest; and (3) "present all information they have showing mom is safe, children are safe in home with mother." (*Id.* at 6.)

In a declaration attached to the complaint, Plaintiff states that she is "actively involved in the medical directives for [her] children," that she "spoke with [the] pediatrician," and asked to "attend all dr. visits." (*Id.* at 8.) Plaintiff also gave written instructions regarding medication for the children (authorizing antibiotics and ibuprofen). She states that "[t]hankfully with the use of Naturopathic medicine as my choice for myself also my children we are well." (*Id.*) Plaintiff writes that "honestly, I have no complaints . . . . I am here to say thanks so much judge for all you do . . . ." (*Id.*) Plaintiff closes by repeating her request that DCCFS be directed to "be honest" and "act in accordance with the law." (*Id.*)

## DISCUSSION

### A.    Medical Care

As set forth in the Court's August 4, 2025 order, "[p]arents . . . have a constitutionally protected liberty interest in the care, custody and management of their children." *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). A parent's liberty interest "does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). The constitutional liberty interest of parents in the care of their child includes "a significant decision-making role concerning medical procedures sought to be undertaken by state authority upon their children." *Van Emrik v. Chemung Cnty. Dep't of Soc. Servs.*, 911 F.2d 863, 867 (2d Cir. 1990) (concluding that parental

notice and consent were required before x-rays of a child were undertaken for investigative purposes at the behest of state officials, unless a judicial officer had determined that grounds for such an examination existed).[2]

Here, Plaintiff alleges that that she is "actively involved in the medical directives for [her] children," that she "spoke with [a] pediatrician," and that the children "are well." (ECF 8 at 8.) Although Plaintiff asks that the Court direct that Defendants "be honest" and "act in accordance with the law," she also indicates that she has "no complaints." (*Id.*) Plaintiff does not allege facts showing any violation of her right to a decision-making role in her children's medical procedures. Absent some allegation that Defendants are violating the law, the allegations do not state a claim on which relief can be granted. The Court therefore dismisses these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, there does not appear to be any live controversy, and it therefore would be futile to grant Plaintiff further leave to amend her complaint.[3]

---

[2] The constitutional rights of parents in making medical decisions for children in foster care generally can be litigated in state Family Court. *See*, *e.g.*, *Admin. For Children's Servs. v. Erica A.*, 37 Misc. 3d 639, 664 (2012) ("When the rights and wishes of parent, child and government are at odds regarding a matter of significant import, such as forced medication . . .the interested parties are entitled to a full evidentiary hearing."); *In re Martin F*., 13 Misc. 3d 659, 820 N.Y.S.2d 759 (Fam. Ct. 2006) (holding that procedure for authorizing psychotropic drugs for child in foster care, over parent's objection, violated parent's due process rights); *In re Lyle A.,* 14 Misc. 3d 842, 850, 830 N.Y.S.2d 486, 492 (Fam. Ct. 2006) ("A parent whose child is in foster care has the right to make the decision regarding whether or not his or her child will be given psychotropic drugs.").

[3] It is unclear if Plaintiff intended to voluntarily dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure. Such a dismissal, at this stage, does not require court approval. *See* Fed. R. Civ. P. 41(b).

**CONCLUSION**

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    June 24, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge